Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorneys For Plaintiff,
TOKIO MARINE AMERICA INSURANCE COMPANY
555 E. Ocean Blvd., Ste. 501
Long Beach, Ca 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOKIO MARINE AMERICA INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.; MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive,<br><br>          Defendants | Case No.: 1:23-cv-02028 LGS<br><br>**STIPULATED PROTECTIVE ORDER** |

  WHEREAS, Plaintiff seeks recovery of amounts paid its insured, Non-Party Epson America, Inc., concerning cargo that was allegedly non-delivered while moving under defendant MSC Mediterranean Shipping Company S.A. ("MSC") intermodal sea waybills.

  WHEREAS, Epson America, Inc. purchased the cargo from its parent corporation, Seiko Epson Corporation of Japan.

  WHEREAS, MSC has issued a deposition subpoena to Epson America, Inc., seeking, among other things, documents and testimony regarding proof of payment information, costing information of Seiko Epson Corporation, costing information of other Seiko Epson affiliates, as well as other financial information and related communications that Epson America Inc. considers commercially sensitive, private and confidential.

WHEREAS, to facilitate the exchange of any reasonably accessible information, the parties hereto having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. All parties agree that testimony may be designated as Confidential Information by making a statement to that effect on the record at the deposition or other proceeding.

   a. Deposition transcripts or portions thereof may be designated as Confidential Information either at the deposition itself or by request of any party. Arrangements may be made with the court reporter taking and transcribing such proceeding, if any, to separately bind such portions of the transcript containing information designated as Confidential Information and to mark each page of such portions "CONFIDENTIAL."

   b. Deposition transcripts or portions thereof may also be designated as Confidential Information after the conclusion of a deposition by the marking of a copy of the transcript by the parties or their counsel while the deposition transcript is under review by the deponent but before the original signed transcript is delivered to the deposing party.

        c.    Deposition transcripts or portions thereof may also be designated as Confidential Information by written notice to the reporter and all counsel of record, given within twenty (20) business days following notice from the reporter that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as Confidential Information.

        d.    Where testimony is designated as Confidential Information during a deposition, only parties listed in Paragraph 7 below may be present for the Confidential portions of the deposition.

        e.    Any party may mark a deposition exhibit as Confidential Information and examine any witness thereon, provided that (a) the exhibit and related transcript pages receive the same "CONFIDENTIAL" designation as the original Confidential Information, and (b) the deposition witness is one to whom the exhibit may be disclosed under Paragraph 7 of this Protective Order.

        3.    If a party believes that any portion of a document produced by any other party should be designated Confidential Information, the party shall have sixty (60) days after the receipt of such document, or sixty (60) days from the date the Protective Order is signed and entered by the Court for documents produced prior to the date the Protective Order is signed and entered by the Court, to make such designation and to give written notice to other parties subject to this Order.

        4.    The Confidential Information disclosed will be held and used by the person receiving such information solely in connection with this action.

        5.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

6. Confidential Information shall not be shown, revealed, released, disclosed, or communicated in any way to any person, except those listed in Paragraph 7, without the advance written authorization of the party that produced it. A party may request appropriate special proceedings from the Court if such materials are introduced at trial.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties to this action and Non-Party Epson America Inc., including in-house counsel, directors, managers and employees, or their insurers and claims adjusters, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of this litigation, provided that any such person is informed as to the contents of this Protective Order and acknowledges the confidentiality obligations of this Stipulated Protective Order in writing by executing the writing attached hereto as Exhibit A;

    b. Attorneys of record for the parties to this action and Non-Party Epson America, Inc., now or in the future, their respective associates, partners, clerks, paralegals, legal assistants, secretaries and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this matter, or in connection with discovery relating to Non-Party Epson America Inc., provided that any such person is informed as to the contents of this Protective Order and acknowledges the confidentiality obligations of this Stipulated Protective Order in writing by executing the writing attached hereto as Exhibit A;

    c. Consultants or experts, as well as the secretarial and clerical staffs to such consultants or experts, assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that any such expert is provided with a copy of this Protective Order and acknowledges the confidentiality obligations of this Stipulated Protective Order in writing by executing the writing attached hereto as Exhibit A;

        d.    Clerical or ministerial service providers, including outside copying services, court reporters, and videographers, retained by a party's counsel to assist such counsel in connection with this matter, provided that any such person is informed as to the contents of this protective order; and

        e.    The Court (including any mediator(s), or other person having access to any Confidential Information by virtue of her or his position with the Court).

        8.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

        a.    Inform the person of the confidential nature of the information or documents;

        b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and prohibits the disclosure of the information or documents to any other person; and

        c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

        9.    The parties should meet and confer if any production requires a designation of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Information or items designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (regardless of how it is generated, stored or maintained) shall mean and include extremely sensitive Confidential Information or items, disclosure of which to another party or non-party would create a substantial risk of harm that could not be avoided by less restrictive means (hereinafter, "Highly Confidential Materials"). This type of Highly Confidential Materials includes, for example, trade secret information, prospective marketing plans and financial projections, or other highly sensitive information that can cause a direct damage to the party if such information were to be disclosed.

10. Access to and/or disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

a. Trial counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this action (or any appeal) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be disclosed for purposes of this action. Such employees, assistants, contractors, and agents to whom such access is permitted and/or disclosure is made shall, prior to such access or disclosure, be advised of, and become subject to, the provisions of this Protective Order. For the purposes of this paragraph, "trial counsel" shall mean outside retained counsel and shall not include the parties' in-house counsel of other staff;

b. Outside experts or expert consultants consulted by the parties or their counsel in connection with this action (or any appeal), regardless whether retained to testify; provided, however, that prior to the disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the disclosure of Highly Confidential Materials. It shall be the obligation of trial counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify trial counsel for the producing party of such breach or threatened breach;

c. Any person who authored, received, saw or was otherwise familiar with documents, testimony or information or thing designated "Highly Confidential Materials," including any person otherwise familiar with the Highly Confidential Materials contained therein but only to the extent of that person's prior familiarity with the Highly Confidential Materials. The disclosure

of Highly Confidential Materials pursuant to this subsection may occur only after counsel for the party making the disclosure delivers a copy of this Stipulated Protective Order to the intended recipient of the Highly Confidential Materials, explains that recipient is bound to follow the terms of the Stipulated Protective Order, and secures the signature of such person on a statement in the form attached hereto as Exhibit A. The disclosure must occur in the presence of trial counsel (as defined above), and all copies of the Highly Confidential Materials must remain exclusively in the possession of trial counsel at all times;

    d. Court reporters and videographers in this action (whether at depositions, hearings or any other proceeding), independent interpreters and translators, but only after counsel for the party making the disclosure delivers a copy of this Stipulated Protective Order to such person, explains that such person is bound to follow the terms of the Stipulated Protective Order, and secures the signature of such person on a statement in the form attached hereto as Exhibit A;

    e. The Court; and

    f. Vendors with whom counsel in this action have contracted for clerical functions, such as copying of documents or preparation of exhibits, but only after counsel for the party making the disclosure delivers a copy of this Stipulated Protective Order to such vendor, explains that such vendor is bound to follow the terms of the Stipulated Protective Order, and secures the signature of a person with authority on behalf of the vendor on a statement in the form attached hereto as Exhibit A.  In the case of an emergency when it is not reasonably possible to obtain the signature of the vendor in advance, counsel for the parties will provide the Stipulated Protective Order to the vendor and receive confirmation in writing ( email suffices) confirming the vendor's understanding that the materials are subject to a protective order, will abide by the protective order, and that the vendor's signature on Exhibit A is forthcoming.

    11. Any inspection of physical items (not documents) designated by Non-Party Epson America, Inc. as "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" shall be done at its office in Los Alamitos, California.

12. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Materials. If so designated, the document or information shall thereafter be treated as Confidential Information or Highly Confidential Materials subject to all the terms of this Stipulated Protective Order.

13. Any personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, including electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this action or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", there is no presumption that such documents or information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

16. Counsel for the parties will make all reasonable efforts to safeguard all Confidential Information and Highly Confidential Materials and shall promptly notify the designating party of any unauthorized disclosure or access to Confidential Information or Highly Confidential Materials. If a party is served with a subpoena or a court order not part of this action that compels disclosure of any Confidential Information or Highly Confidential Materials, the party must:

    a. Give prompt written notice to the designating party, including a copy of the subpoena or court order;

    b. Give prompt written notice to the party who served the subpoena or court order that some or all of the material covered by the subpoena or court order is subject to this Stipulated Protective Order, and attach a copy of this Stipulated Protective Order;

    c. Cooperate in good faith with respect to all reasonable procedures sought to be pursued by the designating party whom Confidential Information or Highly Confidential Materials may be affected; and

    d. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information or Highly Confidential Materials before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's written permission.

17. At the conclusion of this action, Confidential Information and Highly Confidential Materials, and any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

18. Notwithstanding the foregoing, disclosure of Confidential Information or Highly Confidential Materials shall not be precluded if such disclosure is in response to a valid order of a court or other governmental body or

is otherwise required to be disclosed by law, provided that the recipient of the Confidential Information or Highly Confidential Materials shall first give written notice to the party on whose behalf the Confidential Information or Highly Confidential Materials was disclosed to allow that party to seek an appropriate protective order.

SO STIPULATED AND AGREED.

Dated: November 27, 2023
Long Beach, CA

CAMMARANO LAW GROUP

By: _____
Dennis A. Cammarano
Attorneys for Plaintiff,
Tokio Marine America Insurance Company

Dated: November 27, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
James Marissen
Attorneys for Defendant,
MSC Mediterranean Shipping Company S.A

Dated: November 27, 2023

KEESAL, YOUNG & LOGAN

By: _____
Joshua Norton
Attorneys for Non Party,
Epson America Inc.

Documents may be filed under seal only as provided in Rule I.D.3 of the Court's Individual Rules. The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.

Dated: December 5, 2023
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

*Stipulated Protective Order*        Page - 10 -

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled TOKIO MARINE AMERICA INSURANCE COMPANY v. MSC MEDITERRANEAN SHIPPING COMPANY S.A.; MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, case number 1:23-cv-02028 LGS have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____          _____
Name (Printed)                                    Signature

Signed in the presence of:

_____
Print: _____

*Stipulated Protective Order*               Page - 11 -